UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY CHRISTIAN,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendant.

No. 13-cv-13416

HON. ROBERT H. CLELAND

MAG. LAURIE J. MICHELSON

| GOLD STAR LAW, P.C. | Brittany A. Campbell (P75152) |
|---|---|
| Maia E. Johnson (P40533) | Jeanmarie Miller (P44446) |
| Caitlin E. Sherman (P76606) | Assistant Attorneys General |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 210 E. Third St., Suite 212 | P.O. Box 30736 |
| Royal Oak, MI 48067 | Lansing, MI 48909 |
| 248.295.7210 | 517.373.6434 |

## STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY DOCUMENTS

    This matter having come before the Court on the stipulation of the parties for a Protective Order, the Court directs that any and all documents produced by the Defendants in this litigation, either voluntarily or pursuant to Court Order, including, but not limited to, the following: Department of Corrections' operating procedures, policy

directives or other rules or regulations, personnel files of current or former state employees, including but not limited to documents defined as personnel records by the Bullard Plawecki Employee Right to Know Act (MCLA 423.501 et seq), training records of current or former state employees, disciplinary records of current or former state employees, all internal affairs files or other investigation materials including but not limited to police reports, critical incident reports, internal affairs reports, witness interview statements and all other related materials, medical records, mental health records, prisoner records, photographs, audio or video recordings, and any and all other documents or materials produced in the course of this litigation by Defendants, shall be subject to the following conditions:

1. All documents are limited to use in the above captioned case currently pending in the United States District Court for the Eastern District of Michigan before the Honorable Robert H. Cleland.

2. Any documents marked "Confidential" when produced will not, without leave of the Court, be disclosed, or the content communicated in any way to anyone other than (1) this court, under seal as provided for in the applicable court rules; (2) counsel for the

parties in this action and their paralegal and clerical assistants; (3) expert witnesses, provided such persons have signed a copy of this order to indicate that they have read this stipulation and protective order and agree to be bound by its terms; (4) deponents, however no deponent will be allowed to retain a copy of any document designated as "Confidential"; (5) the parties and/or their employees and/or agents, to the extent that involvement with this action is part of their job duties and/or otherwise needed; (6) mediators, facilitators, and/or case evaluators; and, (7) in accordance with paragraph six of this Protective Order.

    3.    The parties will notify each other as to the materials that are to be designated as "Confidential" as they are produced. Upon receiving such notice, a party will: (1) treat the material as so designated; and, (2) if not already marked, place the appropriate designation of "Confidential" on the material. If a document is inadvertently produced which should have been designated, and treated as, "Confidential," the disclosing party shall provide the other party notice of the same as soon as possible. Upon notification, the parties

shall treat the document as "Confidential" and subject to terms of this Protective Order.

4. Any party may challenge the propriety of the designation of specific material as "Confidential" by serving a written objection on opposing counsel, specifying the particular document(s) about which the objection is made and the grounds for the objection. The parties must promptly and informally attempt to resolve any such challenge in good faith. If the challenge is not resolved informally, then, after counsel's receipt of the written objection, either party may, on reasonable notice, move for appropriate ruling(s) from the Court. The document(s) in issue must be treated as confidential and subject to the restrictions of this stipulation and order unless and until the court orders otherwise.

5. This stipulation and order is intended solely to protect the confidentiality of the information and to facilitate the preparation and trial of the action, and must not be construed in any way as an admission or agreement by any party that the designated disclosure actually constitutes or contains any privileged, confidential, or proprietary information under applicable law. Moreover, the parties recognize that there may be information sought in discovery of a highly

private and confidential nature and that such information should not be subject to disclosure or discovery, should be discoverable only at a later phase of the litigation, or should be subject to discovery only with greater restrictions than contained in this stipulation and order. Therefore, nothing contained in this Protective Order shall be deemed a waiver of the right to object to a request for discovery. Finally, disclosure of all or part of a document subject to this Protective Order does not act as a waiver of any exemption, affirmative defense, or legal argument against disclosure that may be raised by any party.

6. Subject to the rules of evidence, confidential documents, and/or the content thereof, may be offered in evidence at trial, subject to any applicable Scheduling Conference Order or Pretrial Order. Any party may move the Court for an order that the documents are to be examined only in camera or under other conditions that prevent unnecessary disclosure. On examination, the Court may determine what protection, if any, will be afforded the material at trial or hearing.

7. Any party to this action may request, and the opposing party may agree, that the provisions of this stipulation be waived for one or more of the confidential documents. Any such waiver must be in

writing, must be signed by counsel, and must be limited to the particular document(s) specifically identified in such written waiver.

8. This Protective Order, insofar as it restricts the disclosure and use of a document, continues to be binding throughout and until the conclusion of this action, including all appeals. At the conclusion of this action, including all appeals, all "Confidential" documents disclosed to Plaintiff during this litigation, including copies, must promptly be returned to defense counsel or destroyed, upon request of Defendants, except where otherwise provided by state of federal law.

9. The violation of any provision of this Protective Order may be deemed contempt of court, and the Court may impose appropriate sanctions in the event of violation of this Protective Order.

**IT IS SO ORDERED.**

October 4, 2013

　s/Robert H. Cleland
HON. ROBERT H. CLELAND
District Court Judge

Stipulated and Approved for Entry:

*s/ Maia E. Johnson* (w/permission)
Maia E. Johnson (P40533)
Attorney for Plaintiff

*s/ Brittany A. Campbell*
Brittany A. Campbell (P75152)
Assistant Attorney General
Attorney for Defendants