UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY CHRISTIAN,

    Plaintiff,

v.                                                Case No. 13-13416

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendant.
                                                    /

**ORDER DENYING DEFENDANT'S MOTION FOR CONSIDERATION OF MOTION
FOR JUDGMENT ON THE PLEADINGS**

On August 8, 2013, Plaintiff Kimberly Christian filed a complaint alleging that Defendant Michigan Department of Corrections wrongfully discriminated against her on the basis of her race. On September 23, 2013, the court issued a scheduling order setting a discovery deadline of March 31, 2014, a dispositive motion deadline of May 1, 2014, and a jury trial for August 25, 2014. (Dkt. # 10.) Neither side sought an extension of any of these deadlines prior to their expiration.

On June 16, 2014, Defendant filed a motion for summary judgment. (Dkt. # 17.) As is the court's practice, it struck the motion from the docket as untimely, given that it was filed over a month-and-a-half past the dispositive motion deadline. The parties appeared for a status conference on June 24, 2014, and the court discussed their ongoing efforts to resolve the case before trial. On June 27, 2014, Defendant filed another dispositive motion—this time seeking judgment on the pleadings. Again, the court struck the motion as violative of the scheduling order. Currently pending before

the court is yet another motion from Defendant, this time styled as a "Motion for Consideration of Motion for Judgment on the Pleadings." (Dkt. # 19.)

Defendant's efforts to circumvent the court's scheduling order are not well taken. In its motion, Defendant argues that the court's scheduling order states that "dismissal motions may be filed at any time" (Dkt. # 10, Pg. ID 38) and that Rule 12(i) states that a motion for judgment on the pleadings "must be heard and decided before trial." Fed. R. Civ. P. 12(i). Although it is true that motions for judgment on the pleadings are considered before trial, such motions are also usually brought *well before* trial—not after discovery has closed, not more than two months after the dispositive motion deadline has passed, and not after the court has already stricken an untimely dispositive motion from the docket.

Further, Rule 12(c) warns parties that they may only move for judgment on the pleadings "early enough not to delay trial." Defendant's belated motion does not satisfy this requirement. If Defendant's motion were allowed to proceed, pursuant to Local Rule 7.1(e)(1), Plaintiff would be allowed 21 days to respond, and Defendant would then receive 14 days to reply. Assuming the court were to grant the instant motion to consider *without* allowing Plaintiff a chance to respond,[1] and set a briefing schedule tracking the local rule requirements, the matter would not be fully briefed until the same day as the currently scheduled final pretrial conference, and two weeks before the jury is to be selected. The hurried nature of this schedule illustrates precisely why the court sets a dispositive motion deadline in the first place. And despite Defendant's

---

[1] The court also notes that Defendant violated E.D. Mich. Local R. 7.1(a) by not seeking concurrence from opposing counsel for its present motion before the court.

assurances to the contrary, the court fully expects that Defendant's motion *would* in fact require "extensive briefing and consideration," given that in its original form, Defendant's motion comprised 59 pages, including exhibits. (Dkt. # 18.)

Trial is set for August 25, 2014, and the parties are advised to prepare accordingly. However, as the court stated during the June 24, 2014, status conference, Defendant is free to raise its arguments in a Rule 50 motion after Plaintiff has presented her case. If, at that time, the court finds that Plaintiff unreasonably withheld her consent from the dismissal of a clearly meritless case, the court may consider imposing costs. Accordingly,

IT IS ORDERED that Defendant's "Motion for Consideration of Motion for Judgment on the Pleadings" (Dkt. # 19) is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: July 2, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 2, 2014, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522